WILLIE POLION, 971; MINNIE BRENT, MOTHER AND NEXT OF KIN TO
DEWITT BRENT, A MINOR, 972; ANNA McGINNIS, MOTHER AND
NEXT FRIEND TO JOHN McGINNIS, A MINOR, 973; JAMES L. COX,
974; PERCIVAL B. COFFIN, ADMINISTRATOR OF THE ESTATE OF
TODD MOSELEY, Deceased, 975; PERCIVAL B. COFFIN, ADMINIS-
TRATOR OF THE ESTATE OF ELMORE BAYNES, Deceased, 976; PER-
CIVAL B. COFFIN, ADMINISTRATOR OF THE ESTATE OF CHARLES
WRIGHT, Deceased, 977; PERCIVAL B. COFFIN, ADMINISTRATOR,
ESTATE OF DELMOS CAMPBELL, Deceased, 978; PERCIVAL B. COF-
FIN, ADMINISTRATOR OF THE ESTATE OF BENJAMIN ANDERSON,
Deceased, 979; PERCIVAL B. COFFIN, ADMINISTRATOR, ESTATE OF
HENRY WILLIAMS, 980; PERCIVAL B. COFFIN, ADMINISTRATOR,
ESTATE OF HERBERT DURANT, Deceased, 981; THOMAS WATKINS,
1070, Claimants, *vs.* STATE OF ILLINOIS.

*Opinion filed May 12, 1927.*

MILITARY SERVICE—*when State liable for death of member of Illinois Na-
tional Guard.* Where a member of the Illinois Guard is injured or killed
while in the performance of his duty under orders from his superior officer,
the State is liable under Sec. 143, Chap. 129, Hurd's Rev. St. 1927. (Art. 16,
Sec. II, Military & Naval Code.)

SAME—*when claimant entitled to award. Sec. 10, Art. 16, Military &
Naval Code.* Where claimant is injured or disabled while in the performance
of his duty so as to prevent his working at his trade or profession, or other
employment he is entitled to an award pursuant to Sec. 10, Art. 16, Military
& Naval Code.

SAME—*when award will not be made.* An award will not be made to an
administrator for the death of his intestate where the deceased left no heirs
at law or relatives dependent upon him for support.

WILL H. JOHNSON AND CHARLES J. JENKINS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-
TON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

The above claims numbered 971, 972, 973, 974, 975, 976,
977, 978, 979, 980, 981 and 1070, respectively, are all based on
injuries caused by the explosion of a trench mortar on August
24, 1925. All the injured were members of a Howitzer Com-
pany of the 8th Infantry Regiment of the Illinois National
Guard at the time the injuries were received. As the evidence
of the cause of the injuries is the same in all the cases they
have been consolidated and will be heard as one.

On the afternoon of August 24, 1925, while the Howitzer Company of the 8th Infantry Regiment of the National Guard were engaged in target practice at Camp Grant, one of the trench mortars exploded. As a result of the explosion Todd Moseley, Elmore Baynes, Charles Wright, Delmos Campbell, Benjamin Anderson, Henry Williams and Herbert Durant lost their lives, and Willie Polion, Dewitt Brent, John McGinnis, James L. Cox and Thomas Watkins were injured. Percival B. Coffin was appointed administrator of the estates of those that were killed and has filed claims on behalf of their alleged dependents. Polion, Brent, McGinnis, Cox and Watkins have filed claims in their own behalf for their respective injuries.

At the time the injuries were received all the parties wounded or killed were members of the National Guard and were injured while performing duties pursuant to orders of their superior officers. Section 11 of Article 16 of the State Military and Naval Code provides that a member of the National Guard injured while performing his duty shall have a claim against the State for financial assistance, and that if he is killed his dependents shall have a claim for such assistance, such claims to be acted on and adjusted by the Court of Claims. Section 10 of the same article provides that a member of the National Guard "who may be wounded or disabled in any way, while on duty and lawfully performing the same, so as to prevent his working at his profession, trade or other occupation from which he gains his living, shall be entitled to be treated by an officer of the medical department detailed by the surgeon general, and to draw one-half of his active service pay, as specified in sections 3 and 4 of this article, for not to exceed thirty days of such disability, on the certificate of the attending medical officer; if still disabled at the end of thirty days, he shall be entitled to draw pay at the same rate for such period as a board of three medical officers, duly convened by order of the commander-in-chief, may determine to be right and just, but not to exceed six months, unless approved by the State Court of Claims." It thus appears that the law has fixed the amount of compensation that can be awarded to a wounded member of the National Guard at one-half his active service pay for a period not exceeding six months unless the Court of Claims shall extend the period beyond six months. The legislature having fixed the basis of com-

pensation or financial assistance at one-half the active service pay of the injured member for such time as the Court of Claims may approve, the court has no power to make any award except upon that basis. It can only order that the payments fixed by statute shall be made for such period of time as the merits of each case demand.

In the case of Willie Polion the evidence shows he was not permanently injured. He was out nothing for medical and hospital services, the State having furnished them. He was incapacitated for work for about 100 days. His pay as a member of the National Guard was $1.40 per day and his maintenance was estimated at 50 cents per day. One-half of this should have been paid to him during the period of his disability. As the payments were not made he is awarded the sum of $100.00.

In the case of Dewitt Brent the evidence shows he was severely and permanently injured. His spine was injured and his right arm is rendered useless. It is apparent that his injuries are of such a permanent nature as will materially reduce his earning capacity for a long time if not for life. His pay was $1.00 per day and maintenance which was estimated at 50 cents per day, and he should be paid one-half that amount or 75 cents per day until he becomes able to work. Claimant was only 19 years old at the time he was injured, in good health and was earning $30 per week. We therefore allow him $1,500.00.

In the case of John McGinnis the evidence shows his right foot was so injured that a portion of it had to be amputated. His pay and maintenance also amounted to $1.50 per day. He was incapacitated from work for about 15 months, during which time he was entitled to one-half pay, or 75 cents a day, which would have amounted to $750.00. We therefore allow him an award of $750.00.

Claimant James L. Cox received injuries to his right side, right lung and back. These wounds have healed but as a result of them claimant was incapacitated for work for about 15 months. His pay and maintenance amounted to $1.50 per day, one-half of which he was entitled to during the time his wounds prevented his working. He is therefore allowed the sum of $1,500.00.

Claimant Thomas Watkins was injured in the right leg and right groin and his right hand was lacerated. These injuries

kept him in the hospital about 6 months. After leaving the hospital he was confined to his home about 3 months before being able to work. All necessary medical and hospital services were furnished him by the State. His pay and maintenance also amounted to $1.50 per day. As it was 9 months before he was able to go to work he is entitled to one-half his pay and maintenance for that time which amounts to $1,000.00. Accordingly he is awarded that sum.

Todd Moseley was about 18 years old at the time of his death. He left a father, mother and one sister. His funeral expenses, including flowers and a photograph, amounted to $401.00, which were paid by his mother. Prior to his death he earned about $15.00 per week, the greater portion of which he gave to his mother to be used for the support of the family. This claim now comes within the provisions of Section 11 of Article 16 of the Military and Naval Code and we therefore allow claimant the sum of $2,000.00.

Elmore Baynes was 18 years old. He had graduated from high school the year he was killed. When not in school he worked and gave his earnings to his mother who used it for the support of the family. The family consisted of himself, his father and mother and three younger brothers. Under the law claimant is entitled to an award for the benefit of the surviving members of the family and he is accordingly allowed the sum of $2,000.00.

Deceased Charles Wright was about 26 years old and single. His mother, Anna Wright, appears to be the only member of his family surviving him. She was dependent upon him and he gave her $20.00 to $25.00 each month for her support. Claimant is therefore allowed the sum of $2,000.00 for her.

Henry Williams was 26 years of age and left surviving a widow who was dependent upon him for support. The claimant is therefore awarded the sum of $2,000.00.

It is alleged in the declarations filed on behalf of the estates of Delmos Campbell, Benjamin Anderson and Herbert Durant that each of them left a wife and mother dependent upon him for support. There is no competent evidence in the record that either of these men left a mother surviving him. Neither is there any evidence showing that either of them had a wife. In order for this court to make an award under the provisions of the Military and Naval Code based

upon the death of a member of the National Guard while in the performance of military duty, it must appear that the deceased left some relative dependent upon him for support at the time of his death. Such dependent relatives must be shown by direct and positive evidence. Mere rumor or hearsay is not sufficient. As claimant in these three cases has wholly failed to show the deceased left any relatives, the claims are disallowed, and the cases dismissed.